**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARANJAN SINGH, | No. 07-74044 |
| Petitioner, | Agency No. A077-838-556 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Naranjan Singh, a native and citizen of Fiji, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Ordonez v. INS*, 345 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

777, 782 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and because Singh failed to present sufficient evidence of changed circumstances in Fiji to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Singh's contention that the BIA failed to consider the evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

We decline to reconsider Singh's challenge to the BIA's May 3, 2005, order because this court already rejected these contentions. *See Singh v. Gonzales*, No. 05-73091 (9th Cir. March 1, 2007); *see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

07-74044